UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SCOTT LONG,

                       Plaintiff,               **MEMORANDUM & ORDER**
              - against -                                        18-CV-1146 (PKC)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                       Defendant.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Scott Long ("Plaintiff" or "Long") brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Acting Commissioner ("Commissioner") of the Social Security Administration's denial of his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have cross-moved for judgment on the pleadings. (Dkts 12, 14.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The case is remanded for further proceedings consistent with this Order.

## BACKGROUND

**I.    Procedural History**

      On April 7, 2014, Plaintiff filed an application for DIB, claiming that he had been disabled since August 22, 2013. (Tr., at 10.)[1] The claim was initially denied on October 7, 2014. (*Id*.) After his claim was denied, Plaintiff requested a hearing on October 13, 2014. (Tr. 95–96.) Plaintiff appeared and testified at a hearing before an administrative law judge ("ALJ") on June 29, 2016. (Tr., at 10, 31, 95–96.) By decision dated November 8, 2016, ALJ Benjamin Green

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript. (*See generally* Dkt. 10.)

found that Plaintiff was not disabled within the meaning of the Social Security Act from August 22, 2013, his alleged onset date, through the date of the ALJ's decision. (Tr., at 7–18.) On January 6, 2017, Plaintiff requested a review of the decision by ALJ Green (Tr., at 158–59), and the Appeals Council denied the request for review on January 5, 2018, making ALJ Green's decision the final decision of the Commissioner. (Tr., at 1–6.) Based upon this denial, Plaintiff timely filed this action as an appeal from ALJ Green's November 6, 2016 decision. (Dkt. 1.) On August 20, 2018, Plaintiff filed his motion for judgment on the pleadings, seeking to vacate the Commissioner's decision and remand for further proceedings, including a *de novo* hearing and new decision. (Dkt. 12.) On October 19, 2018, the Commissioner filed her cross-motion for judgment on the pleadings, seeking affirmance of her decision and dismissal of this action. (Dkt. 14.)

## II. The ALJ's Decision

In evaluating disability claims, the ALJ must adhere to a five-step inquiry. The claimant bears the burden of proof in the first four steps of the inquiry; the Commissioner bears the burden in the final step. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). First, the ALJ determines whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the answer is yes, the claimant is not disabled. If the answer is no, the ALJ proceeds to the second step to determine whether the claimant suffers from a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe when it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the impairment is not severe, then the claimant is not disabled. In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 22, 2013 and that Plaintiff

suffered from the following severe impairments: depression, anxiety, and bipolar disorder.[2] (Tr., at 12.) Having determined that Plaintiff satisfied his burden at the first two steps, the ALJ proceeded to the third step, at which the ALJ considers whether any of the claimant's impairments meet or equal one of the impairments listed in the Social Security Act's regulations ("the Listings"). 20 CFR § 404.1520(a)(4)(iii); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1. In this case, the ALJ concluded that none of Plaintiff's impairments meet or medically equal the severity of any of the impairments in the Listings. (Tr., at 12–14.)

The ALJ then moved on to the fourth step, at which the ALJ must determine whether a claimant has the residual functional capacity ("RFC")[3] to perform any past relevant work. 20 C.F.R. § 404.1520(e). To make this determination, the ALJ considered the objective medical evidence, as well as the opinions of four medical sources: (1) an opinion offered by Dr. David

---

[2] Plaintiff points out that the ALJ appears to have mischaracterized Plaintiff's impairments at Step 2. (Plaintiff's Brief ("Pl.'s Br."), Dkt. 12-1, at 17.) This mischaracterization appears to be based on the ALJ's erroneous or incomplete understanding, or selective consideration, of Plaintiff's testimony at the hearing on October 13, 2014. (*Compare* Tr., at 14 ("[Plaintiff] testified that he suffers from depression, anxiety, and bipolar disorder.") *with* Tr., at 46–47 ("I don't have enough highs to classify for bipolar[.] . . . Most of mine are lows, so that's why I don't fit or they say that I don't really fit into [the] bipolar category.").)

The Court finds this error harmless because the ALJ continued the sequential evaluation process and considered the symptoms actually alleged by Plaintiff during the subsequent steps. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (summary order) (finding harmless error where the ALJ excluded anxiety disorder and panic disorder from his review at step two, but considered the claimant's anxiety and panic attacks at subsequent steps); *cf. Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (finding that an ALJ's determination that a claimant's depression was not severe at step two was *not* harmless error where the ALJ completed the remaining three steps without taking the claimant's mental restrictions into account when determining her residual functional capacity). Nevertheless, the ALJ should address this inconsistency as part of a thorough review of the record on remand.

[3] To determine a claimant's RFC, the ALJ must consider the claimant's "impairment(s), and any related symptoms . . . [which] may cause physical and mental limitations that affect what [the claimant] can do in the work setting." 20 C.F.R. § 404.1545(a)(1).

3

Mahony based on a psychiatric consultative examination on September 18, 2014 (Tr., at 505 (Ex. 10F)); (2) an opinion offered by Dr. Carlos Berrios based on his review of the Medical Evidence of Record ("MER") on July 13, 2016 (Tr., at 947 (Ex. 27F)); Tr., at 950 (Ex. 28F)); (3) a May 2016 medical source statement by Mr. Alan Hunt, LCSW (Tr., at 926 (Ex. 24F)); and (4) a June 2016 medical source statement by Dr. Oleg Isakov (Tr., at 931 (Ex. 25F)). The ALJ gave significant weight to the Mahony and Berrios opinions, but accorded little weight to the Hunt and Isakov opinions, which he found were generally inconsistent with Plaintiff's medical record. (Tr. 16.) Based on his consideration of the medical record and opinion evidence, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels, subject to certain non-exertional limitations. (Tr., at 14–17.) With respect to Plaintiff's non-exertional limitations, the ALJ determined that that Plaintiff "is limited to performing simple and routine tasks, and making simple work-related decisions that are introduced gradually over the course of the week." (Tr., at 14.) The ALJ also found that Plaintiff "can have only occasional interaction with co-workers, supervisors, and the general public." (*Id.*)

Relying on this RFC finding, the ALJ determined that Plaintiff was unable to perform any past relevant work, which included work as a salesperson, retail manager, and cook. (Tr., at 17.) The ALJ then proceeded to step five. At step five, the ALJ must determine whether the claimant—given his RFC, age, education, and work experience—has the capacity to perform other substantial gainful work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). An ALJ may make this determination by obtaining the testimony of a vocational expert regarding a hypothetical person matching a claimant's RFC, age, education, work experience, and limitations. *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). In this case, the vocational expert testified that there were jobs existing in significant numbers in the national economy that Plaintiff was capable of performing,

namely: ticket counter, which had an availability of 80,000 jobs; price marketer, which had an availability of 200,000 jobs; and industrial/office cleaner, which had an availability of 100,000 jobs. (Tr., at 17–18, 54–57.)

## STANDARD OF REVIEW

Unsuccessful claimants for disability benefits under the Social Security Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits. 42 U.S.C. § 405(g). In reviewing a final decision of the Commissioner, the Court's role is "limited to determining whether the [Commissioner]'s conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quotations and brackets omitted). In determining whether the Commissioner's findings were based upon substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Id.* (quotation omitted). However, the Court "defer[s] to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). If there is substantial evidence in the record to support the Commissioner's findings as to any fact, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff argues that the ALJ's decision was not supported by substantial evidence because he erred in determining the RFC at step four. Specifically, Plaintiff argues that the ALJ committed error by according significant weight to the opinions of Drs. Berrios and Mahony without

5

explaining why he failed to adopt the portions of those opinions that were potentially favorable to Plaintiff's claim of disability. (Pl.'s Br., at 14–21.)

I.      **The ALJ's Consideration of Opinion Evidence**

Dr. Berrios provided the ALJ with a medical source statement and interrogatory based on his review of the MER in July 2016. (Tr., at 947 (Ex. 27F); Tr., at 950 (Ex. 28F).) In the medical source statement, Dr. Berrios stated that Plaintiff has moderate limitations understanding, remembering, and carrying out simple and complex instructions, as well as making judgments on simple and complex work-related decisions. (Tr., at 947.) In reaching his RFC determination, the ALJ stated that he gave Dr. Berrios's opinion "significant weight," but failed to explain how Dr. Berrios's finding of Plaintiff's moderate limitations in following instructions and making work-related decisions factored into the RFC.

Dr. Berrios's interrogatory responses also indicated that Plaintiff has only mild limitations with respect to activities of daily living and maintaining social function (Tr., at 951)—an aspect of Dr. Berrios's opinion that the ALJ expressly rejected, with little explanation. (*Id.* (stating that Dr. Berrios's opinion "underestimates the effect of the [Plaintiff's] anxiety and panic attacks on his ability to engage in social functioning").) While the ALJ's finding on this issue is actually *favorable* to Plaintiff's request for DIB, the ALJ did not explain whether or how it was factored into the RFC determination and why, when coupled with Dr. Mahony's opinion that Plaintiff suffers from "marked" limitations in relating to others and dealing with stress (discussed *infra*), it does not justify the award of DIB to Plaintiff.

Dr. Mahony conducted a consultative examination of Plaintiff on September 18, 2014 at the behest of the Social Security Administration. (Tr., at 16.) Like Dr. Berrios, Dr. Mahony completed a medical source statement based on this examination. (Tr., at 505 (Ex. 10F).) The

medical source statement indicated, *inter alia*, that Plaintiff has "marked limitations relating to others and dealing with stress," which Dr. Mahony attributed to psychiatric symptoms. (Tr., at 507.) As with Dr. Berrios's evaluation, the ALJ accorded "significant weight" to Dr. Mahony's opinion and acknowledged the stress limitation finding, but did not explain whether or how this marked limitation was accounted for in the RFC assessment. (Tr., at 16.)

## II. The Adequacy of the ALJ's Consideration of Opinion Evidence

Plaintiff argues that the ALJ's failure to adequately explain his consideration of the limitations identified by Drs. Berrios and Mahony, the only medical opinion sources to whom the ALJ gave significant weight in formulating the RFC assessment, warrants remand. The Court agrees.

The Court cannot conduct meaningful review of the Commissioner's decision where an ALJ's cursory statements and findings obscure the actual reasons that underpin the RFC assessment. "It is not incumbent upon this Court to attempt to discern the reasoning behind the ALJ's conclusion." *Soto v. Commissioner*, No. 17-CV-2377 (PKC), 2018 WL 3241313, at *2 (E.D.N.Y. July 2, 2018). Rather, "[w]hen an ALJ denies benefits, [he] must build an accurate and logical bridge from the evidence to [his] conclusion." *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) (internal quotations omitted). While an ALJ "need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence," *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005), the Second Circuit has held that remand is appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review," such as when the ALJ makes credibility determinations and draws inferences from the record, yet fails to fully explain the basis for them, *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

Here, the ALJ selectively relied on those portions of Drs. Berrios's and Mahony's opinions that supported the denial of DIB to Plaintiff, while failing to address portions of the opinions that favored the grant of benefits to Plaintiff. In her defense of the ALJ's decision (*see* Defendant's Brief, Dkt. 14-1, at 20), the Commissioner is correct that an ALJ is not obligated to accept every part of a doctor's opinion, even if he accords the opinion significant weight. *See Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995) ("[T]he ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony' . . . ." (*Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983))). Nevertheless, he still has "a duty to explain why [he] gave significant weight to portions of [the doctors' opinions] . . . while selectively ignoring other parts of [the opinions] that support Plaintiff's disability claim." *Pereya v. Astrue*, No. 10-CV-5873 (DLI), 2012 WL 3746200, at *14 (E.D.N.Y. Aug. 28, 2012); *see also Dioguardi v. Commissioner*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) ("The plaintiff here is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits."). Thus, while the ALJ was entitled to disregard favorable portions of Drs. Berrios's and Mahony's opinions, he was required to give logical reasons to support his decision to do so.[4]

The Court will not speculate that the ALJ implicitly incorporated the limitations identified by Dr. Berrios and Dr. Mahony into the RFC assessment. Rather, it is incumbent upon the ALJ to

---

[4] This requirement applies equally to the ALJ's rejection of Dr. Berrios's finding that Plaintiff is only mildly limited with respect to social functioning. (Tr., at 16 (acknowledging Dr. Berrios's opinion that "[Plaintiff] has only mild limitations . . . engaging in basic social functioning," but stating that it "underestimates the effect of [Plaintiff's] anxiety and panic attacks on his ability to engage in social functioning").) To the extent the ALJ, in rejecting this part of Dr. Berrios's opinion, reached a finding *favorable* to Plaintiff's DIB application, the ALJ had the same duty to explain whether and how that finding was factored into the RFC determination, or to explain why it was not, especially in light of Dr. Mahony's opinion about Plaintiff's marked limitations in relating to others and dealing with stress.

provide a detailed rationale for either rejecting the limitations or deeming them accommodated by the limitations stated as part of the RFC assessment, as the combination of even non-marked limitations "may narrow the range of other work" available to Plaintiff. Social Security Ruling ("SSR") 96-08. Dr. Berrios's finding that Plaintiff suffers from moderate limitations performing simple tasks and making simple decisions, if incorporated into the RFC assessment, could narrow the range of positions in the national economy available to Plaintiff. This means that the ALJ's ultimate determination regarding Plaintiff's disability status may be different after a proper analysis. *See Matthews v. Commissioner*, No. 17-CV-00371 (MAT), 2018 WL 4356495, at *3 (W.D.N.Y Sept. 13, 2018). While even a combination of moderate and marked limitations may not necessarily preclude the ALJ from finding on remand that Plaintiff may still perform simple and routine tasks, the ALJ must conduct a proper analysis on that issue in the first instance.[5] *Id.*

Likewise, Plaintiff's marked limitations in dealing with stress, if considered in forming the RFC assessment, could significantly narrow the range of work available to him. SSR 85-15. As the Commissioner has recognized, "[t]he reaction to the demands of work (stress) is highly individualized, and mental illness is characterized by adverse responses to seemingly trivial circumstances. . . . Thus, the mentally impaired may have difficulty meeting the requirements of even so-called 'low-stress' jobs." *Id*. It is for precisely this reason that "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the

---

[5] To the extent that, on remand, the ALJ decides to give greater weight to Dr. Mahony's finding that "[t]here is no evidence of limitation in [Plaintiff's] ability to follow and understand simple directions and instructions, [or] perform simple tasks independently" (Tr. 507), he must first reconcile the seeming inconsistency on this point in Dr. Mahony's opinion. One sentence later, Dr. Mahony states that Plaintiff has "*moderate difficulties* learning new tasks, *performing simple tasks*, and has difficulties making appropriate decisions." (*Id.* (emphasis added).) *See Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (summary order) ("A physician's opinions are given less weight when his opinions are internally inconsistent." (citation omitted)).

RFC assessment." *Id.*; *accord Jones v. Astrue*, 570 F. Supp. 2d 708, 721–22 (E.D. Pa. 2007) (finding that an ALJ fulfilled her obligation to consider the plaintiff's ability to handle stress in formulating an RFC assessment when the ALJ explained the reasons for giving particular weight to a medical source's finding of a marked limitation). Faced with a medical opinion identifying Plaintiff's marked limitations in dealing with stress, "the ALJ had two options: (1) reject [Dr. Mahony's] opinion and provide an explanation for that rejection, or (2) accept [the] opinion and conduct an individualized assessment on how stress affects Mr. [Long's] ability to work." *Williams v. Colvin*, 134 F. Supp. 3d 358, 363 (D.D.C. 2015). Because the ALJ failed to do either, his decision must be vacated and remanded for further proceedings.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 29, 2019
      Brooklyn, New York