UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SCOTT LONG,

                        Plaintiff,

              - against -

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-1146 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Scott Long commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g).  Plaintiff sought to reverse the decision of the Commissioner of the Social Security Administration ("SSA"), denying Plaintiff's application for Social Security Disability Insurance Benefits.  Presently before the Court is the motion of Plaintiff's counsel, Howard Olinsky ("Olinsky"), for approval of attorney's fees of $18,754, pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, the Court grants in part and denies in part that request, and awards Plaintiff's counsel attorney's fees in the amount of $16,720.

## BACKGROUND

      On February 22, 2018, Plaintiff commenced this action appealing the SSA's denial of his disability insurance benefits application.  (Complaint, Dkt. 1.)  On August 20, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. 12) and on October 19, 2018, the Commissioner filed a cross-motion for judgment on the pleadings (Dkt. 14).  On March 29, 2019, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the SSA for further proceedings.  (Dkt. 16.)  The parties stipulated on June 28, 2019 that Plaintiff would be awarded $6,700 for attorney's fees and expenses under the Equal Access to

1

Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Dkt. 20-1.)  The Court granted that stipulation on July 2, 2019.  (July 2, 2019 Docket Order.)

On remand, Plaintiff was awarded disability insurance benefits, and received $99,016 in past-due benefits.  (*See* Dkt. 22-2, at ECF[1] 4.)  As required by the Social Security Act, the Commissioner withheld 25% of the total past due benefits payable to Plaintiff ($24,754), so that Plaintiff's counsel could: (1) petition the SSA under 42 U.S.C. § 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court for the time counsel expended representing Plaintiff pursuant to 42 U.S.C. § 406(b).  (*See also* Dkt. 23, at 2.)

Here, Olinsky moves for attorney's fees pursuant to 42 U.S.C. § 406(b).  (Dkt. 21.) Plaintiff agreed to pay Olinsky a contingency fee of 25% of all past-due benefits as compensation for legal services.  (Fee Agreement, Dkt. 22-1.)  As described above, 25% of $99,016 is $24,754.  Olinsky, who did not represent Plaintiff in the administrative proceeding on remand, assumes that Plaintiff's administrative representative will request $6,000 in fees pursuant to 42 U.S.C. § 406(a), and requests $18,754 in fees—$24,754 less the $6,000 reserved for the administrative representative.  (Affirmation of Howard D. Olinsky ("Olinsky Aff."), Dkt. 22, ¶¶ 5, 8.)

According to the time records submitted to the Court, Olinsky and his colleagues spent 39.6 hours in connection with Plaintiff's appeal.  (Total Time Ledger, Dkt. 22-3.)  31.9 of these hours were logged by attorneys at Olinsky's firm, who spent that time on, *inter alia*, (1) reviewing the file; (2) drafting the complaint, summons, and other court filings; (3) reviewing the administrative record; (4) drafting sections on procedural history and facts; (5) conducting

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

research and drafting arguments; and (6) editing, finalizing, and submitting the brief and reply brief.  (*See* Attorney Time Ledger, Dkt. 22-4.)  7.7 of these hours were logged by paralegals, who spent that time on, *inter alia*, (1) receiving, reviewing, and processing the referral source; (2) corresponding with Plaintiff; (3) preparing court forms for Plaintiff to complete; (4) electronically filing documents; (5) combining and bookmarking the transcript; and (6) preparing the EAJA application.  (*See* Paralegal Time Ledger, Dkt 22-5.)

Olinsky notes that, after awarding paralegal time at $100 per hour, the effective hourly attorney rate is $573.76.[2]  (Olinsky Aff., Dkt. 22, ¶ 11.)  The Commissioner notes an effective hourly rate of $587.90 when calculated based only on the attorney hours, and agrees that the requested award is reasonable.  (Dkt. 23, at 2.)

## DISCUSSION

Section 406(b) provides that a court may award a "reasonable fee" "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a contingency fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (ii) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is

---

[2] As noted *infra*, the Court finds that the effective hourly attorney rate calculated by Plaintiff's counsel, after accounting for 7.7 hours of paralegal time billed at $100/hour, is incorrect, and that the correct effective hourly attorney rate is $563.76.  This difference, however, is so minimal that it does not affect the outcome of this motion.

so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014). In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the lesser of the two awards. *Barbour,* 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 8:06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Olinsky's proposed fee of $18,754 is within the 25% cap, which is $24,754. (*See* Olinsky Aff., Dkt. 22, ¶¶ 7–8.)  Since there are no allegations of fraud or overreaching with respect to the retainer agreement, the only question for the Court is whether the fee of $18,754 for 31.9 hours of attorney work and 7.7 hours of paralegal work would result in a windfall to Olinsky. The courts in this circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Rowell v. Astrue*, 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee

4

is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Olinsky asks the Court to award $100 per hour for paralegal work, resulting in an effective hourly attorney rate of $573.76. (Olinsky Aff., Dkt. 22, ¶ 11.) The Commissioner calculates an effective hourly rate of $587.90 when accounting for only the attorney hours. (Dkt. 23, at 2.) The Court notes that the EAJA allows for recovery of paralegal fees, although not for "[a]dministrative or clerical work." *Cutajar v. Comm'r of Soc. Sec.*, No. 19-CV-05569 (SDA), 2020 WL 2999232, at *3 (S.D.N.Y. June 4, 2020) (quoting *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015)). Courts in this circuit have awarded rates in a similar range for paralegal work, *see, e.g.*, *Cruz v. Apfel*, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999) (awarding $75 hourly rate for paralegal work under the EAJA) (collecting cases); *McKay v. Barnhart*, 327 F. Supp. 2d 263, 270–71 (S.D.N.Y. 2004) (same); *Tamara B. v. Berryhill*, No. 14-CV-156, 2018 WL 3085200, at *4 (D. Vt. June 22, 2018) (awarding an effective $125 hourly rate for paralegal work in a petition for fees pursuant to Section 406(b)), and the Court finds this requested rate for paralegal work to be reasonable. However, the Court finds that Plaintiff's counsel has incorrectly calculated the effective hourly attorney rate, which is $563.76, arrived at through the following calculation: ($18,754 − $770 (7.7 hours of paralegal time at $100/hour)) ÷ (31.9 (hours of attorney time)). Thus, deducting paralegal work at the rate of $100/hour, an award of $18,754 results in an effective hourly attorney rate of $563.76. (*See* Olinsky Aff., Dkt. 22, ¶ 11.)

Notwithstanding the Commissioner's view that an hourly attorney rate of $587.90 is reasonable, the Court finds that Olinsky's request for $18,754 for 31.9 hours of attorney work in this case would result in an unreasonable fee to Olinsky, and instead finds that an award of $16,720 would adequately compensate Olinsky for the time that he spent on this case, the risks

that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client. This fee amount translates into an effective hourly attorney rate of $500 and an hourly paralegal rate of $100,[3] which the Court finds satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g.*, *Muniz v. Astrue*, 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part, and Olinsky is awarded $16,720 in attorney's fees. Upon receipt of this award from the Government, Olinsky shall promptly refund Plaintiff $6,700, which represents the EAJA fees already received by counsel. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       November 6, 2020

---

[3] Courts in this circuit have approved fee awards in the social security context that are above these market rates. *See, e.g., Barbour*, 2014 WL 7180445, at *2 (approving $26,784 award for 44.7 hours of work for an effective hourly rate of $599); *Warren v. Astrue*, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work [*i.e.*, $658 hourly rate], it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). However, this Court may use its discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.